IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GARY WAAG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOTERA DEFENSE SOLUTIONS, INC., )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 1:14cv1715 (TSE/JFA) |

## **RULE 16(B) SCHEDULING ORDER**

Upon consideration of the representations made by the parties in their Proposed Joint Discovery Plan (Docket no. 10) ("Joint Discovery Plan") and taking note of the Scheduling Order entered in this case (Docket no. 8), the court makes the following rulings:

1. All discovery shall be concluded by September 11, 2015.

2. The Joint Discovery Plan filed by the parties is approved in part and shall control discovery to the extent of its application unless further modified by the court.

3. All Fed. R. Civ. P. 26(a)(1) disclosures shall be completed by June 15, 2015.

4. The court declines to adopt paragraph 16 of the Joint Discovery Plan at this time. Expert disclosures shall be governed by the following schedule and Local Civil Rule 26(D): initial expert disclosures as to any issue upon which a party has the burden of proof are due on July 13, 2015; responding disclosures are due on August 12, 2015; any rebuttal disclosures are due on August 27, 2015. To the extent the parties wish to modify these deadlines, they must seek leave of court and explain how the modification will provide for a full disclosure of opposing expert opinions.

5. If counsel believe that a settlement conference with the court would be of assistance in resolving this dispute, they may arrange a settlement conference by contacting the undersigned magistrate judge's chambers.

6. To the extent any party intends to assert a claim of privilege or protection as to trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5).

7. To the extent it becomes necessary, counsel may submit an agreed protective order concerning the disclosure of information between the parties in discovery, provided that such protective order does not provide for the prospective filing of documents under seal.

8. The following provisions shall apply to the filing and noticing of all motions:

(a) All motions must contain a statement that a good-faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions. All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3). An appropriate number of paper copies of any motion and all pleadings relating to that motion shall be **delivered directly to the chambers of the judge** within one day of the electronic filing. *See* "Civil and Criminal Motions Procedures and other Alexandria Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

(b) All motions, except for summary judgment and consent motions, shall be noticed for a hearing on the earliest possible Friday before the final pretrial conference consistent with the briefing schedules discussed below. A consent motion should be filed in accordance with the procedures provided on the Alexandria page of the Court's website referenced above. Any

motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

(c) Dispositive motions shall be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1) and (K). Local Civil Rule 7(F)(1) provides that a responsive brief is due 11 days after **service** of the motion and a rebuttal brief may be filed 3 days after the **service** of the opposition. Unless the parties have agreed to waive the additional time provided in Fed. R. Civ. P. 6(d) for acting after electronic service, a notice of hearing for a dispositive motion must allow at least 21 days in order to allow the briefing to be completed prior to the hearing. Any dispositive motion against a *pro se* party must contain the notice set forth in Local Civil Rule 7(K) and provide the *pro se* party with at least 21 days to file a response opposing the motion.

(d) In order to provide for the prompt resolution of non-dispositive matters, a non-dispositive motion may be **filed and served** by no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday. Under this expedited schedule, a response must be **filed and served** no later than 5:00 p.m. on the following Wednesday and any reply should be **filed and served** as early as possible on Thursday to give the Court time to review all pleadings before the hearing. At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing in accordance with the briefing schedule provided in Local Civil Rule 7(F)(1) discussed above in order to provide additional time for briefing and consideration by the Court.

(e) All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained. As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in

numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movant's section, each of the movant's enumerated facts and indicating whether the non-movant admits or disputes the fact with appropriate citations to the record. The Court may assume that any fact identified by the movant as undisputed in the movant's brief that is not specifically controverted in the non-movant's brief in the manner set forth above is admitted for the purpose of deciding the motion for summary judgment.

(f) Any motion to file a document under seal, including a motion for entry of a protective order containing provisions for filing documents under seal, must comply with Local Civil Rule 5 and must be noticed for a hearing in open court. The motion must state sufficient facts supporting the action sought, and each proposed order must include specific findings. Where a party moves to file material under seal because the opposing party has designated that material as confidential, the opposing party must file a response to the motion and a proposed order that meet the requirements of Local Civil Rule 5. Only the particular material found to meet the required standard may be sealed, with the remainder filed in the public record. An unsealed, redacted version of the filing in issue shall be filed with the motion to seal. Filings under seal are disfavored and discouraged. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575–76 (4th Cir. 2004).

9. Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed except on order of the court, or for use in a motion or at trial.

10.     In the event this case is tried before a jury, each party shall file their proposed jury instructions and voir dire five (5) business days prior to trial in accordance with Local Civil Rule 51. Violation of this Rule will constitute a waiver of objections to any instructions given. In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

Entered this 15th day of June, 2015.

                                                                   /s/
                                           John F. Anderson
                                           United States Magistrate Judge

Alexandria, Virginia